| ¶ CARTER, C.J.,
Dissents and assigns reasons.
I do not agree that McLin’s injuries did not arise out of and in the course of his employment. In my opinion, McLin’s attendance at the mandatory safety meeting falls under one of the jurisprudentially created exceptions to the general rule that an employee traveling to and from work is not considered to be in the course and scope of his employment. Because the safety meeting was both in furtherance of his employer’s business and pursuant to his employer’s order, I would find McLin to be on a specific mission for his employer. See Coastal Construction & Engineering, Inc., 96-2705 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10. A different route home at a different time from his normal work and commuting activities after attending a mandatory safety meeting certainly makes McLin’s injuries arise out of and be in the course of his employment.
For the above and foregoing reasons, I dissent from the majority opinion and would reverse the Workers’ Compensation Judge.